Judge Nicholas
delivered the opinion of the court.
Thomas Carnear, by bonds dated 10th July, 1788, hound himself to convey or assign to Alexander and James Parker, one fifth of the land to bo obtained by the location of sundry land warrants placed by him in their hands for location. After the death of Carneal and James Parker, a compromise was made between Alexander Parker as surviving obligee, and James Coleman as the administrator with the will annexed, of Carneal, of the claim of the Parkers on Carneal, for the location of the warrants, in consequence of which, Coleman conveyed to Parker a part of the land so located, and Parker receipted and surrendered the bonds ofCarneal. This took place in 1812. Some time thereafter, the administration granted to Coleman was revoked, and administration granted to Thomas D. Carneal. In 1821, Parker filed'his bill in chancery against the heirs, devisees, and administrator of Tilomas Carneal, alleging that Thomas Carneal had never had a patent for the land so conveyed to him, as had been supposed by him and Coleman, at the time of the compromise., but had, as Parker afterwards discovered, assigned the plait and certificate, in his lile time, and a patent-had issued to another person. He prays compensation for the land so conveyed to him by Coleman, under the compromise, from the representatives of Carneal, together with such other relief as he might be entitled to.
His claim was met on the part of the defendants, among other grounds of defence set up, by the plea of the statute of limitations, and as we have come to the conclusion that that plea must defeat his re- *456 co very, we have only stated so much of the case as to show its bearing.
the groa id mistake. {.i such ca es, the timo will no oo.mnei.ee Hu! discovery oi'Uio mis-
• t-ision of'ra<)S" «■ontriuton ground of (ivo^eats n('-C lor the making ofthe r kil to allege, or to give a»y s"n for I’P'". the mistake was first dyin five years' next before the institution 01 the suit, and dofenl)(l111 lltlS plead the «tntuto of limitations, (lie plea must prevail.
Hoggin, Monroe, Mordicad fy Brown, for Caracals; Denny ami Talbot, for Parker,
The basis of his claim as it now exists against Carneal’s estate, in this suit, is his right to rescind the contract of compromise, on the ground of the mutual mistake, as to Carneal’s holding the title to the land conveyed by Coleman. The question, therefore, is, whether Parker’s right to obtain arescission and compensation for the injury sustained by reason of the mistake, is barred by the lapse of five years. We think it is. The same question has been heretofore so decided by this court, in the analogous case of Crane vs. Prather, IV J. J Mar. 76. It is true, as settled in that case, that the time will not commence running, in a court of chancery, lintil the mistake is discovered. But Parker has failed to allege, in his original or any of his amended bills, or to give any reason for presuming that the miswas first discovered within five years next bcfore, the institution of his suit. The plea of the statute of limitations must, therefore, be adjudged a valid defence, and bar to his recovery.
W herefore, the decree of the circuit court is reversed, and the cause remanded with directions to dismiss the bill with costs.
Carneáis to recover costs on both writs of error.